IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TAVIUS L. SMITH,

    Plaintiff,

v.                                                  Civil Action No.: 1:15CV174

CAPITAL ONE/YAMAHA, and
HSBC BANK,

    Defendants.

## REPORT AND RECOMMENDATION

This matter before the Court is pursuant to Defendant Capital One, N.A. ("Capital One")[1] and Defendant HSBC Card Services, Inc.'s ("HSBC")[2] motions to dismiss *Pro se* Plaintiff Tavius L. Smith's ("Plaintiff") complaint.

## I. Factual and Procedural History

On August 17, 2015, Plaintiff filed a complaint against Defendants Capital One and HSBC in the Circuit Court of Preston County, West Virginia (Doc. No. 1). In the complaint, Plaintiff alleges that both Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and that Defendant HSBC also breached an earlier settlement agreement Plaintiff entered into with it. Id. Plaintiff asserts that on January 30, 2014, and February 21, 2014, he discovered that Defendants attributed a debt to him on his credit report. Id. On September 25, 2015, Defendants removed the case to the United States District Court for the Northern District of West Virginia. Id.

---

[1] In the complaint, Plaintiff incorrectly labeled Defendant Capital One, N.A., as "Capital One/Yamaha."
[2] In the complaint, Plaintiff incorrectly labeled Defendant HSBC Card Services, Inc., as "HSBC Bank."

## II. Relevant Motions Pending Before the Court

**A. Plaintiff's Motion for Default Judgment Against Defendant Capital One**

On September 25, 2015, Plaintiff filed a motion for default judgment against Defendant Capital One (Doc. No. 15). Plaintiff argues that default judgment is necessary because Defendant Capital One did not timely respond to Plaintiff's complaint and that Defendant failed to move for an extension or provide any reason for its failure to do so. Id. at 1–2.

On October 9, 2015, Defendant Capital One responded to Plaintiff's motion (Doc. No. 20). Defendant counters that default judgment is not mandated because it "timely filed its answer or other pleading responsive to Plaintiff's Complaint within the time allotted by the Federal Rules of Civil Procedure . . . ." Id. at 2. Specifically, the Federal Rules of Civil Procedure state that after removal, a party must file an answer within seven days if it did not do so beforehand. See Fed. R. Civ. P. 81(c)(2). On October 2nd, seven days after removal, Defendant filed its motion to dismiss (Doc. No. 9).

**B. Plaintiff's Motion for Summary Judgment Against Defendant Capital One**

On September 25, 2015, Plaintiff filed two identical motions for summary judgment against Defendant Capital One (Doc. No. 16, 17). In his motions, Plaintiff demands summary judgment because Defendant "failed to rebut, refute, deny, oppose or otherwise dispute the Plaintiff's supported and substantiated claim against them in a reasonable time after having been put on notice of the claim against them in this court hereby" (Doc. No. 16, 17).

On October 16, 2015, Defendant Capital One responded to Plaintiff's motions for summary judgment (Doc. 22). In its motion, Defendant argues that summary judgment is inappropriate because it did properly and timely respond within the seven day allotment to the complaint and because Plaintiff failed to establish any undisputed material facts. Id. at 3.

**C. Plaintiff's Motion for Default Judgment Against Defendant HSBC**

On September 25, 2015, Plaintiff filed his motion for default judgment against Defendant HSBC (Doc. No. 18). Like his previous motion against Defendant Capital One, Plaintiff asserts default judgment should be rendered against Defendant HSBC because it failed to timely respond to the complaint. Id. at 1.

On October 14, 2015, Defendant HSBC responded to Plaintiff's motion for summary judgment (Doc. No. 21). In its motion, Defendant argues exactly what Defendant Capital One did in its response—Defendant timely responded to the complaint by filing its motion to dismiss within the seven day window as allowed after removal by the Federal Rules of Civil Procedure. Id. at 2–3.

**D. Defendant Capital One's Motion to Dismiss**

On October 2, 2015, Defendant Capital One filed its motion to dismiss Plaintiff's complaint (Doc. No. 9). Defendant alleges several reasons why its motion should be granted: (1) Plaintiff's claim is time-barred by the statute of limitations; (2) Defendant is not a debt collector under the FDCPA; (3) Plaintiff failed to allege that Defendant engaged in debt collection under the FDCPA; and (4) Plaintiff's claim is released by the settlement agreement. Id. at 3–4.

First, Defendant states Plaintiff's claim is time-barred because the one year statute of limitations of a FDCPA claim expired on January 30, 2015—Plaintiff did not file his complaint until August 17, 2015. See 15 U.S.C. § 1692k(d). Second, Defendant argues that the FDCPA only applies to "debt collectors"; yet, Plaintiff failed to allege any facts to support the allegation that Defendant is a debt collector (Doc. No. at 3). Third, Defendant argues that to fall under the FDCPA, the action taken must be in connection with the attempt to collect a debt. Id. at 4. Here,

Defendant states that no evidence exists showing it attempted to collect Plaintiff's debt. Id. Finally, because Plaintiff entered into a settlement agreement with Defendant HSBC over the same account Plaintiff accuses Defendant of managing, the settlement agreement therefore should release Plaintiff's claim against it. Id. at 4–5.

Plaintiff filed no response.

**E. Defendant HSBC's Motion to Dismiss**

On October 2, 2015, Defendant HSBC filed its motion to dismiss Plaintiff's complaint (Doc. No. 11). Defendant asserts three reasons why the complaint should be dismissed: (1) *res judicata*; (2) Plaintiff's claims are precluded by the settlement agreement; and (3) Plaintiff's complaint fails to state a plausible claim for relief. Id. at 5–9.

Defendant claims that *res judicata* should apply because the two parties previously litigated over the same set of facts in the United States District Court for the Southern District of West Virginia. See Smith v. HSBC Yamaha Music, No. 1:14cv00525, 2014 WL 3045318 (S.D. W. Va. July 2, 2014).[3] Next, Defendant elaborates that the settlement agreement reached by the two parties released all claims and all potential claims against the Defendant relating to Plaintiff's account. Id. at 8. Finally, Defendant last states that Plaintiff's complaint is deficient under the Federal Rules of Civil Procedure because Plaintiff failed to allege any facts demonstrating that Defendant violated the FDCPA. Id. at 8.

Plaintiff filed no response.

---

[3] District Judge David Faber adopted Magistrate Judge Clarke VanDervort's report and recommendation, which thereby dismissed Plaintiff's complaint against HSBC for failure to state a claim.

## III. Discussion

Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(d)(1) provides that the allegations contained in the pleading "must be simple, concise and direct." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555. Thus, when a defendant challenges the sufficiency of a complaint under Rule 8(a)(2), the Court examines the factual allegations contained therein to determine if they reasonably indicate that discovery will yield evidence of all of the elements of the plaintiff's claim. If, viewing the factual allegations as true, the Court cannot conclude that discovery will yield evidence of all of the elements of the plaintiff's claim, the Court must dismiss the claim.

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which the plaintiff could prevail. Barnett v. Hargett, 174

F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**A. Defendant Capital One and Defendant HSBC's Motions to Dismiss**

Both motions for dismiss contain the same central argument that Plaintiff's complaint fails as a matter of law under the FDCPA. Thus, the Court will consider only this argument as it finds that it properly disposes of Plaintiff's complaint.[4]

To state a claim under the FDCPA, a plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) *the defendant is a debt collector* as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Patrick v. Teays Valley Trustees, LLC, No. 3:12cv39, 2012 WL 5993163, at *10 (N.D. W. Va. Nov. 30, 2012) (emphasis added). Congress enacted the FDCPA to "eliminate abuse debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Under Section 1692g of the FDCPA, debt collectors must inform consumers of (1) the amount of the debt; (2) the name of the creditor; (3) a statement that unless the consumer, within thirty days of receipt of the notice, disputes the validity of the debt, the debt will be assumed to be valid; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of either document will be mailed to the consumer; and (5) a statement that, if the consumer requests in writing within the thirty-day period, the debt collector will

---

[4] Alternatively, Plaintiff's complaint fails against Defendant HSBC under the doctrine of *res judicata* as well. See In re Varat Enter., Inc., 81 F.3d 1310, 1315 (4th Cir. 1996) (listing the three elements of *res judicata*). First, there was a final judgment on the merits from Plaintiff's previous lawsuit against Defendant HSBC in the Southern District of West Virginia. See Smith, 2014 WL 3045318. Second, the parties are the same. Id. Finally, the causes of action are the same. Id.

provide the name and address of the original creditor, if different from the current creditor. See 15 U.S.C. § 1692g(a)(1)-(5).

Construing Plaintiff's complaint liberally, his allegations do not state the essential elements of a FDCPA claim. Specifically, Plaintiff fails to allege any facts explaining how either defendant is a "debt collector" under the FDCPA.[5] In his complaint, Plaintiff merely alleges that "he did not incur this debt" and that he "has absolutely no recognition of opening an account with or doing any type of business transaction with. Plain and simple, Plaintiff has no record or contract with this creditor, and has never heard of this creditor" until he received his credit report (Doc. No. 1).[6] These vague and conclusory statements do not rise to the level needed to file a claim under the FDCPA. Accordingly, the undersigned sees no reason to address the other arguments Defendants raised for dismissal and thus **RECOMMENDS** that the motions to dismiss [Doc. No. 9, 11] be **GRANTED.**

## IV. Conclusions

For the following reasons, the undersigned **RECOMMENDS** that both Defendant Capital One, N.A.'s motion to dismiss [Doc. No. 9] and Defendant HSBC Card Services, Inc.'s motion to dismiss [Doc. No. 11] be **GRANTED.**

The undersigned further **RECOMMENDS** that all other pending motions [Doc. No. 8, 15, 16, 17, 18] be **TERMINATED AS MOOT** and Plaintiff's complaint be **DISMISSED WITH PREJUDICE.**

---

[5] "Debt collector" is defined under the FDCPA is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

[6] The undersigned finds it noteworthy that even the Plaintiff in his complaint referred to the Defendants as a "creditor" and not a "debt collector."

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to send a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

Date: December 15, 2015

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE